per curiam:
In this case, which is before the court on cross-motions for summary judgment, plaintiff sues to recover an amount withheld by defendant from sums otherwise due plaintiff to cover the claimed value of two searchlights allegedly damaged while in plaintiffs possession. On November 22, 1974, defendant tendered to plaintiff, a common carrier, a shipment of three searchlights to be transported under Government bill of lading from Travis Airforce Base, California, to Optical Radiation Corporation, Azusa, California. The bill of lading described the shipment as "Electric Instruments NOI Released Valuation Not Exceeding $1.50 per pound N61700.” The shipment weighed 165 pounds and was received at destination on December 23,1974, in a damaged condition.
On March 9, 1976, defendant sent plaintiff a notice of claim in the amount of $17,268.92. Relying on the released valuation amount of $1.50 per pound, plaintiff paid defendant $247.50 on March 12, 1976. Thereafter, defendant offset the amount of $17,021.42 from amounts otherwise due plaintiff, which brought this suit to recover the $17,021.42.
Plaintiff recognizes that the Carmack Amendment, 49 U.S.C. §20(11) makes common carriers liable for the full amount of the actual loss of goods damaged in transit on a through bill of lading, but claims that the Carmack Amendment does not apply here, because the plaintiff had been authorized by the Interstate Commerce Commission to establish rates dependent upon values declared in writing' by the shipper or agreed to as the released value of the shipment. Plaintiff also claims that as a result of the released value notation on the bill of lading, the Government got the advantage of a lower freight rate than it *817 would otherwise have been entitled to receive. We find that both contentions are in error and grant defendant’s motion for summary judgment on the issue of liability.
The shipment was misdescribed and both parties agree that it was actually searchlights which are properly described in Item 109900 of the National Motor Freight Classification 100 Series as "Searchlights or Aviation Beacons.” This tariff, which both parties agree is applicable, provides for a Class 150 rating for less than truckload shipments. Both parties also agree that the applicable rate between the points involved was set forth in Western Motor Tariff Bureau (wmtb) Section 22, Quotation 1.
Neither the classification tariff nor the Section 22 quotation is subject to released value rates. In order to come within the exception to the Carmack Amendment, plaintiff must show that the goods were shipped pursuant to a tariff which provides for rates declared or released in writing. Anton v. Greyhound Van Lines, Inc., 591 F.2d 103 (1st Cir. 1978). Since plaintiff has failed to demonstrate that it was a party to any applicable tariff or Section 22 quotation which offered rates dependent upon value, this failure is fatal to plaintiffs right to limit its liability to the stated released value.
The Section 22 quotation which was applicable in this case provides for two charges for the shipment. The charge on Class 150 rating for searchlights is $16.34 and the minimum charge for a shipment of "freight of all kinds” is $14.80. "It is a familiar principle in construing freight tariffs that when two tariffs are equally appropriate the one which provides the shipper with the lower rate is to be applied.” Western Pacific R.R. v. United States, 150 Ct. Cl. 1, 11, 279 F.2d 258, 264 (1960). Here, the Government received the benefit of the lower freight charge, but this did not result because of the released valuation notation on the bill of lading. Rather, the Government received the benefit of the $14.80 rate because it was legally entitled to the lower rate.
Since we have determined that the shipment moved under a Section 22 quotation which contained no released valuation provisions, and since the shipment was damaged in transit, the Government is entitled to recover the full *818 amount of the damage. C & H Transportation Co. v. United States, 193 Ct. Cl. 872, 436 F.2d 480 (1971).
However, the amount of the Government’s loss is in dispute. Plaintiff claims that the shipment was received by it in a damaged condition and therefore, that the Government is not entitled to the amount withheld. This is an issue of fact which cannot be resolved on motions for summary judgment and must be remanded for trial.
Accordingly, it is ordered that defendant’s motion for summary judgment is granted on the liability issue; plaintiffs cross-motion for summary judgment is denied, and the case is remanded to the Trial Division pursuant to Rule 131 to determine the amount of defendant’s damages, and consequently the amount of its offset defendant is entitled to retain. If the amount of the offset exceeds the damage sustained by defendant, the plaintiff shall be entitled to recover the excess.
On May 10, 1983 the court entered judgment for plaintiff for $6,500 pursuant to stipulation.